IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2071-BO

| | | |
|---|---|---|
| CECIL MUHAMMAD, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JONATHAN MINER, | ) | |
| Respondent. | ) | |

Cecil Muhammad, a D.C. Code Offender, petitions for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241. Petitioner alleges the United States Parole Commission (USPC) is holding

him in violation of multiple constitutional issues. Respondents filed a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6). (D.E. # 7) Petitioner responded to the motion, and the

matter is ripe for determination. For the following reasons, the motion to dismiss is granted.

Background

On March 3, 1994, in the Superior Court in the District of Columbia, petitioner was tried

by a jury and found guilty of multiple armed robbery, attempted robbery, kidnaping, and assault

with a dangerous weapon offenses. (Mem. in Supp. of Resp't Mot. to Dismiss, Ex. 1) Petitioner

was sentenced petitioner to a maximum term of imprisonment of 60 years. (Id.)

On May 1, 2008, petitioner was released on parole. (Id., Ex. 2) Nine months later, on

February 11, 2009, the USPC issued a parole warrant for petitioner's arrest. (Id.) The warrant

was based on a violation report asserting petitioner's violation of one or more conditions of his

parole. (Id.) Specifically, the parole warrant application cited four alleged violations related to

drug use and possession, and failure to report for drug and sex offender aftercare. (Id., Ex. 3)

On May 18, 2009, a DC Local Revocation hearing was held at the D.C. Correctional Treatment Facility. (Id., Ex 4) The USPC found petitioner to have violated special conditions of his parole related to drug treatment and sex offender aftercare and unlawful possession of marijuana. (Id.) Petitioner admitted the remaining violation, drug use. (Id.) As a result of the USPC's findings, the USPC ordered the loss of credit for the time petitioner spent on parole. (Id.) Final action was deferred pending the investigation of possible new criminal charges. (Id.)

On November 2, 2009, the USPC continued the May 18, 2009, D.C. Local Revocation hearing and at the conclusion of the hearing found petitioner to have violated his conditions of release by engaging in extortion. (Id., Ex. 5) The factual findings were based on the testimony of two officers, audio video recordings, and other documentary evidence. (Id.) The USPC noted that as a result of the violation petitioner had been confined for 8 months and that based on the violation the presumptive range for such a violation is 36 months. (Id.)

Petitioner appealed the USPC's decision. (Id.) On March 18, 2010, the National Appeals Board issued a notice of action. (Id., Ex. 6) The National Appeals Board modified the USPC's June 3, 2009, and December 31, 2009, decisions and allowed petitioner credit for all of the time he spent on parole. (Id.) However, the National Appeals Board denied his appeal in all other respects, finding the USPC did not exceed its authority or usurp the sentencing judge's authority when it found petitioner violated parole. (Id.) Further, the National Appeals Board found the USPC was not precluded from finding petitioner guilty of extortion and that petitioner failed to provide any legal support for any of his other claims. (Id.) On April 23, 2010, petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (D.E. # 1)

Issues

Petitioner alleges the U.S. Parole Commission (USPC) is holding him in violation of the Fourth, Fifth, Eight, and Fourteenth Amendments to the U.S. Constitution. Petitioner's second ground alleges unlawful detention at Rivers Correctional Institution (RCI) because USPC ordered him detained, not an Article III judge. Petitioner third claims is that the USPC decision to revoke his parole violated the Eight Amendment's prohibition against cruel and inhumane treatment. Petitioner's fourth and fifth grounds claim the U.S. Parole Commission engaged in the unauthorized practice of law and violated federal regulations. Petitioner's last claim for relief asserts that the USPC "usurped" the sentencing court's authority and violated federal law pertaining to the imposition of supervised release. (See, Petition)

Discussion

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

In order for a writ of habeas corpus to issue pursuant to 28 U.S.C. § 2241, a petitioner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C § 2241(c)(3). "[T]he privilege of habeas corpus entitles the prisoner to a opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." Boumediene v. Bush, 553 U.S. 723, 128 S. Ct. 2229, 2266 (2008) (citing INS v. St. Cyr, 533 U.S. 289, 302 (2001)).

i., ii, iv - vi.     Petitioner alleges the U.S. Parole Commission (USPC) is holding him in violation of the U.S. Constitution, his detention is unlawful because USPC ordered him detained, not an Article III judge, the U.S. Parole Commission engaged in the unauthorized practice of law and violated federal regulations, and the USPC "usurped" the sentencing court's authority and violated federal law pertaining to the imposition of supervised release

Petitioner is a District of Columbia parolee. On August 5, 1998, the USPC assumed the District of Columbia Board of Parole's authority and was given exclusive jurisdiction over parole decisions for all D.C. felony offenders, including the exclusive authority to amend or supplement regulations interpreting or implementing the parole laws applicable to these offenders. See National Capital Revitalization and Self–Government Improvement Act of 1997, Pub.L. No. 105–33, § 11231(a)(1), 111 Stat. 712, 745 (1997) (codified as amended at D.C.Code § 24–131(a)(1)). Congress invested the USPC with power to grant or deny parole to all D.C. felony offenders convicted in D.C. courts. A district court's review of the USPC actions in a habeas proceedings is limited to determining if the USPC abused its discretion and violated a parolee's rights under the Constitution, a federal law or federal regulation, but a court may not review the USPC's discretionary decisions. Garcia v. Neagle, 660 F.2d 983, 987-89 (4th Cir. 1981).

Due process protections are afforded to the revocation of parole process. Morrissey v. Brewer, 408 U.S. 471 (1972). A parolee is entitled to minimum constitutional due process which requires reasonably prompt informal inquiry conducted by an impartial hearing officer to determine if there is reasonable ground to believe that the arrested parolee has violated parole condition. Id. at 486-487. Thereafter at the revocation hearing, a parolee is entitled to:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Id. at 489.

After reviewing the record, the court finds that Muhammad was provided with all the process he was due. The Parole Commission has the authority to revoke parole if it finds, by a preponderance of the evidence, petitioner violated his parole by engaging in violations and new criminal conduct. See 28 C.F.R. Sec. 2.105(a), C.F.R. § 2.200, and § 2.218(a); Allston v. Gaines, 158 F. Supp. 2d 76, 80 (D. D.C. 2001). Hearsay is admissible. Campbell v. United States Parole Comm'n, 704 F.2d 106, 109-10 (3d Cir.1983) (citing Zannino v. Arnold, 531 F.2d 687, 692 (3d Cir. 1976)). The Commission may consider information from prosecutors and other parties and evidence of offenses from dismissed charges. Id. Moreover, the Commission may consider evidence of offenses in which the charges were not adjudicated, dismissed, or uncharged. See Villarreal v. United States Parole Comm'n, 985 F.2d 835, 839 (5th Cir. 1993); Whitehead v. United States Parole Comm'n, 755 F.2d 1536, 1537 (11th Cir.1985) (per curiam) (The Parole Commission has the authority to make its own independent findings of criminal behavior regardless of the disposition of the defendant's criminal charge.); Campbell, 704 F.2d at

109-10 (citing <u>United States ex rel. Goldberg v. Warden</u>, 622 F.2d 60 (3d Cir. 1980)). Lastly, information in the Parole Commission's file is presumed considered by the Commission, and a court is not to infer that the Commission ignored information favorable to petitioner. <u>See</u> <u>Nunez -Guardado v. Hadden</u>, 722 F.2d 618, 621 (10th Cir. 1983).

In the instant case, the hearing officer considered the evidence, made credibility determinations and found by a preponderance of the evidence that petitioner was in violation of his parole. The credibility of the evidence in parole cases is committed to the discretion of the Parole Commission. <u>See</u> <u>Roberts v. Corrothers</u>, 812 F.2d 1173, 1179-1180 (9th Cir. 1987); <u>Williams v. United States Parole Comm'n</u>, 617 F. Supp. 470, 472 (M.D. Penn. 1985) (citing <u>Iuteri v. Nardoza</u>, 732 F.2d 32, 38 (1984)). Further, the Commission was within its complete discretion and authority to review a pending criminal offense.

The court also holds it is well established that "[t]here is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence." <u>Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979). Thus, D.C. parole statues and regulations do not create a liberty interest that petitioner may assert. <u>Blair-Bey v. Quick</u>, 151 F.3d 1036, 1047 (D.C. Cir. 1998); <u>Price v. Barry</u>, 53 F.3d 369, 370 (D.C. Cir. 1995).

Lastly, the USPC does not exercise judicial functions and the USPC has not violated the separation of powers doctrine. <u>Taylor v. Hollingsworth</u>, 2007 WL 5614097 (D.Md. Oct. 9, 2007), affirmed, 280 Fed. Appx. 294 (4th Cir. 2008) (holding the USPC does not exercise a judicial function and the Commission's decisions do not violate the separation of powers)

For the above stated reasons, the claims are dismissed.

iii. the USPC decision to revoke his parole violated the Eight Amendment's prohibition against cruel and inhumane treatment

Petitioner allegation that the USPC violated the Eight Amendment's prohibition against cruel and inhumane punishment when it took away his street time credit is moot. As stated in the background section above, the National Appeals Board modified the USPC's earlier findings that took away petitioner's credit for time spent on parole. Thus, as to this ground, petitioner has received the relief he seeks.

Conclusion .

Accordingly, based on the above states reasons, the respondent's motion to dismiss is GRANTED and the case is CLOSED.

SO ORDERED, this _22_day of August 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE